UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61678-CIV-COHN/SELTZER

MARTHA GONZALEZ,

    Plaintiff,

vs.

YOBLENDZ INTERNATIONAL, LLC, and
JUICEBLENDZ INTERNATIONAL, LLC,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

**THIS CAUSE** has come before the Court upon Plaintiff's Motion for Sanctions [DE 40].  The motion was filed on March 10, 2016, after Defendant Juiceblendz failed to comply with the Court's previous Order [DE 34] compelling it to produce its discovery responses by March 7, 2016.  Defendant Juiceblendz produced its discovery materials on March 14, 2016, in response to the present Motion for Sanctions.  Plaintiff requests a full menu of sanctions against Defendant Juiceblendz, including entry of a default judgment and imposition of attorneys' fees and costs.

Federal Rule of Civil Procedure 37[1] authorizes a court to award sanctions against a party for failing to obey an order to provide discovery; such sanctions include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).  Because the rendering of a default judgment is a severe penalty, the Eleventh Circuit has held that

---

[1] In pertinent part, Rule 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

the imposition of such a sanction requires "a willful or bad faith failure to obey a discovery order." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). See also United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'") (emphasis in original) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1371 (11th Cir. 1997) (Rule 37 sanctions of striking pleadings and entering default judgment requires a finding that "'noncompliance' with the compel order was intentional or in bad faith"). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default. . . ." Malautea, 987 F.2d at 1542. Moreover, "the severe sanction of a . . . default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's order." Id.

Although the Court does not condone Defendant Juiceblendz' failure to comply with its Order to respond to discovery, the Court cannot conclude under the circumstances here that the severe sanction of a default judgment is warranted. Defendant did ultimately produce the discovery ordered by the Court, albeit one week late.

In addition to or instead of rendering a default judgment, Rule 37 requires a court to order the disobedient party, its attorney, or both to pay the reasonable expenses caused by the failure to obey a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

2

The Court has considered Defendant Juiceblendz' reasons for its untimely production and concludes that its tardiness was not substantially justified and that the circumstances do not make an award of expenses unjust. Accordingly, the Court will order Defendant Juiceblendz pay to Plaintiff the sum of $200 to help defray the attorney's fees incurred in bringing the instant motion for sanctions. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions [DE 40] is **GRANTED.** Defendant Juiceblendz shall pay to Plaintiff the sum of $200 as sanctions under Fed. R. Civ. P. 37(b)(2)( C).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of March, 2016.

BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF